**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-20-2312

CHANDRA SHEKHAR,

       **Plaintiff,**

v.

WHEREABLE TECHNOLOGIES, LLC, and
DALE MAYO, an individual,

       **Defendants.**

---

**COMPLAINT**

---

**INTRODUCTION**

1. Plaintiff Chandra Shekhar worked as a Senior Firmware Engineer for Defendants' company and was wholly unpaid for two months' worth of pay. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorney, against Defendants Whereable Technologies, LLC, and Dale Mayo, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the Colorado Wage Claim Acts ("CWCA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' facility located at 325 W South Boulder Road, Louisville, CO 80027

## PARTIES

### Defendant Whereable Technologies, LLC

5. Defendant **Whereable Technologies, LLC** (hereinafter "Whereable") is a foreign corporation whose principal place of business is located at Whereable Technologies LLC 1000 Johnnie Dodds Blvd., Suite 103-312, Mount Pleasant, SC 29464. Its DOS Process agent is listed with the CO Secretary of State as C T Corporation System with an address of 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

6. At all relevant times, Defendant Whereable had annual gross revenues in excess of $500,000.

7. At all relevant times, Defendant Whereable was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all times material to this action, Defendant Whereable was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and CWA.

### Defendant Dale Mayo

9. Defendant Dale Mayo, an individual, resides in New Jersey, upon information and belief.

10. At all times material to this action, Defendant Mayo actively participated in the business of the corporation.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

11. Mr. Mayo is the CEO of Whereable.

12. Mr. Mayo had the authority to terminate Plaintiff's employment, although he did not exercise it.

13. Mr. Mayo had the authority to decide which of the company's payables (including Plaintiff's wages) were to be paid and when.

14. At all times material to this action, Defendant Mayo exercised substantial control over the functions of the company's employees including Plaintiff.

15. At all times material to this action, Defendant Mayo was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA, and CWA.

**Plaintiff Chandra Shekhar**

16. Plaintiff Chandra Shekhar is a resident of Parker, Colorado.

17. Plaintiff Chandra worked for Whereable as a Senior Firmware Engineer from October 31, 2019 to February 14, 2020

18. At all times material to this action, Plaintiff Shekhar was an "employee" within the meaning of 29 U.S.C. § 203(e).

19. Plaintiff Shekhar's rate of pay was supposed to be $135,000 per year.

20. Plaintiff Shekar has only received three paychecks, dated 11/18/2019, 11/29/2019, and 01/07/2020.

21. The last check was late, and for the rest of his employment he was not paid at all.

**LEGAL CLAIMS**

**As And For A First Cause of Action:
FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS**

22. Plaintiff realleges and incorporates by reference each allegation contained in the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### Failure To Pay Minimum Wage

23. For many workweeks Plaintiff worked for Defendants, he was not paid at all.

24. As such, Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

### Late Payments

25. On at least some occasions, Plaintiff did not receive his paychecks on the prescribed paydays.

26. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### Record-Keeping Failures

27. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

28. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

29. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shekhar v. Whereable*
USDC, District of Colorado

Complaint
Page 4

30. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all minimum wages, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

32. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

    c. Defendants employed the Plaintiff in a business or enterprise engaged in providing medical, dental, surgical or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(D)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

33. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101** *et seq.***; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

34. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

35. Specifically, Defendants paid Plaintiff nothing at all for many workweeks, which is at a rate of less than the applicable minimum wage rate.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

36. The Defendants failed to pay Plaintiff all his earned wages when due.

37. Specifically, his December 15, 2019 check was paid on January 17, 2020.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

38. Plaintiff has separated from his employment with Defendants.

39. Defendants have failed to pay Plaintiff all wages and compensation earned during Plaintiff's employment.

### *Willful Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

40. Plaintiff sent Defendant a wage demand letter pursuant to C.R.S. § 8-4-109. 43. In that Colorado Wage Demand letter, Plaintiff demanded $22,500.00 in unpaid wages.

41. More than 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.

42. Therefore, the Defendants are liable to Plaintiff for an additional 125% of the first $7,500 ($8,750) plus 50% of the remainder ($7,500), for a total of $16,875 in base wage demand

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

penalties.

43. Further, Defendant's failure to pay was willful. Defendants implicitly acknowledged receipt of the demand letter but rather than comply with its instructions, instead counter-argued points that even if true (which Plaintiff disputes) had no bearing on his entitlement to be paid in accordance with the law. Therefore, because of this flagrantly willful response to the demand, the penalty shall increase by an additional 50%, or $11,250, bringing the total of wage demand penalties to $28,125, over and above other damages that may be owed as alleged herein.

*Damages*

44. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for by Colorado law; and

(D) Award Plaintiff interest; and

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shekhar v. Whereable*
USDC, District of Colorado

Complaint
Page 7

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **5th** day of **August, 2020**

ANDERSONDODSON, P.C.

/s/   *Penn Dodson*
**Penn A. Dodson (PD2244)**
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shekhar v. Whereable*
USDC, District of Colorado

Complaint
Page 8